**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CASE NO. 3:11-cv-00500-J-20-TEM

DONALD RAIMONDI,

      Plaintiff,

v.

PROFESSIONAL RECOVERY
SERVICES, INC.,

      Defendant.

_____/

### PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

    NOW COMES Plaintiff, DONALD RAIMONDI ("Plaintiff"), by and through his attorneys, WEISBERG & MEYERS, LLC, and hereby moves this Honorable Court to enter an Order granting leave for Plaintiff to file his Amended Complaint. In support thereof, Plaintiff states as follows:

    1.    On May 18, 2011, Plaintiff filed his original complaint against Defendant, alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"), arising out of Defendant's attempts to collect a debt from the Plaintiff.

    2.    Through discovery, counsel for the Defendant has apprised Plaintiff's counsel as to new information, which tends to indicate additional statutory violations, and has provided new recordings of voice mail messages left by the Defendant's collectors which Plaintiff's counsel did not previously possess.

    3.    Based on this new information, Plaintiff simply wishes to amend his Complaint to reflect all of the improper collection calls made by the Defendant.

4.     Plaintiff does not intend to allege new violations of any statutes not referred to in his initial Complaint, but rather to include the information related to the new recordings recently produced by the Defendant.

5.     Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

6.     Rule 15(a)(2) states that "[t]he court should freely give leave when justice so requires." *Id.* And the Ninth Circuit has made clear that "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (citation omitted). The Supreme Court explained the reasoning behind this liberal construction in *Foman v. Davis*, 371 U.S. 178, 182 (1962):

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sough should, as the rules require, be "freely given."

*Id.* at 182; *see also Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985) ("Under the liberal amendment policy of Fed. R. Civ. P. 15(a), after a responsive pleading has been filed, a party may amend his pleading only by leave of the court, but such 'leave shall be freely given when justice so requires.' Fed. R. Civ. P. 15(a). 'The propriety of a motion for leave to amend is generally

determined by reference to several factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party.'"')(citation omitted).

7.    The allegations included in Plaintiff's Amended Complaint will ensure that Plaintiff's rights, as delineated by the FDCPA, are adjudicated on the merits.

8.    Plaintiff's request for leave to file his Amended Complaint is not the result of undue delay or bad faith, and if granted will not serve to unduly prejudice Defendant.

9.    Plaintiff's proposed Amended Complaint is attached hereto as Exhibit "A".

WHEREFORE, Plaintiff hereby requests that this Court enter an Order granting Plaintiff leave to file his Amended Complaint and deeming Amended Complaint, Exhibit A, to be filed.

Respectfully submitted,
**DONALD RAIMONDI**


By: s/ Alex Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Road, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com

## CERTIFICATE OF SERVICE AND FILING

I HEREBY CERTIFY THAT this Notice was filed on this <u>16th</u> day of January 2012, by means of the CM/ECF system which will send notice of electronic filing to the following: Mr. Ernest H. Kohlmyer, III, skohlmyer@southmilhausen.com.

By: s/ Alex Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Road, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com